United States District Court
Southern District of Texas
**ENTERED**
August 12, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENTHOL LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-416 |
| | § | |
| VERTEX ENERGY OPERATING, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Vertex Energy Operating, LLC's ("Vertex") Motion to Stay. (Doc. No. 16). Penthol LLC ("Penthol") has responded (Doc. No. 27), and Vertex replied. (Doc. No. 30). After careful consideration, the Court hereby **DENIES** the Motion to Stay. (Doc. No. 16).

**I. Background**

This case involves a contract dispute between Penthol, a foreign distributer of base oils (the "Product") and Vertex, a company Penthol engaged to perform sales, marketing, and logistics services for selling the Product in North America. (Doc. No. 2-1 at 7). The parties entered into an agreement whereby Vertex would market and promote the Product in exchange for being paid for commissions ("the Agreement"). (*Id.* at 7–8). The Agreement also included a Non-Circumvention Provision that precluded either party from interfering with the other's customer and supplier relationships. (Doc. No. 16, Ex. 2).

A. The State Case

According to the state court petition (the "Petition"), Penthol hired a new CEO in 2020 who allegedly contacted certain customers and tried to sell the Product directly to them in violation of the terms of the Agreement. (Doc. No. 16-1). As a result, on October 13, 2020, Vertex sued

1

Penthol in state court for breach of contract based upon Penthol's communications with customers, which is allegedly against the terms of their Agreement. After a hearing, the state court entered a temporary injunction, finding that the "evidence shows that Penthol is likely in breach of the Sales Representative and Marketing Agreement with Vertex." (Doc. No. 28-2). Penthol appealed the ruling and immediately removed the case to the Southern District of Texas. (Doc. Nos. 14-7 & 28-3). It filed four counterclaims against Vertex, including (1) a Sherman Act claim based upon the fact that the Agreement now improperly restrains trade and reflects a horizontal agreement among competitors, (2) a breach of contract claim based upon Vertex's performance under the contract, (3) tortious interference claims based on existing contracts and prospective relations, and (4) requests for declaratory and injunctive relief. (Doc. No. 16-4). That case was ultimately remanded to state court on January 29, 2021 for a procedural deficiency in the removal process. (Doc. No. 28-6). After remand, the state court granted Penthol's renewed motion to dissolve the temporary injunction. (Doc. No. 28-7). Shortly thereafter, Penthol filed the instant case.

B. The Federal Case

Penthol now brings the same claim under Section 1 of the Sherman Act, as well as claims for post-termination breach of contract, business disparagement, and misappropriation of trade secrets under the federal Defend Trade Secrets Act (DTSA) and the Texas Uniform Trade Secrets Act (TUTSA). It additionally seeks a declaration that the Non-Circumvention Provision is invalid; or alternatively, that compliance with it is excused, as well as an injunction prohibiting Vertex from using trade secret information's and requiring the return of all trade secrets. Finally, Penthol seeks attorneys' fees and costs under the Sherman Act, the DTSA, and TUTSA. Vertex filed a Motion to Dismiss (Doc. No. 13), which the Court granted as to the Sherman Act claim, and denied as to the other claims. (Doc. No. 41). Having dismissed the Sherman Act claim, which would

otherwise be subject to exclusive federal jurisdiction, the Court now considers Vertex's contemporaneously filed motion to stay under the *Colorado River* abstention doctrine. (Doc. No. 16).

## II. Legal Standard

"A *Colorado River* abstention analysis begins with a heavy thumb on the scale in favor of exercising federal jurisdiction, and that presumption is overcome only by 'exceptional circumstances.'" *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colo. River Water Conservation Dist. v. United States.*, 424 U.S. 800, 817 (1976). Still, a federal district court may choose to abstain "based on principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Aptim*, 888 F.3d at 135 (quoting *Colo. River*, 424 U.S. at 817.

The *Colorado River* doctrine applies only "in the instance of truly parallel cases, one pending in state and the other in federal court." *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). Suits are parallel if they involve "the same parties and the same issues." *Id.* Common subject matter alone is insufficient to establish the requisite parallelism. *Engenium Sols., Inc. v. Carr*, 2012 WL 8432678, at *8 (S.D. Tex. Sept. 28, 2012). Parallelism, rather, depends on whether there is a substantial likelihood that the state litigation will "dispose of all claims" presented in the federal case. *Id.* (collecting cases).

If there are parallel proceedings, a district court may consider the following factors to determine whether the necessary exceptional circumstances exist to justify abstention: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the forum; (3)

3

avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Aptim*, 888 F.3d at 135–36.

### III.   Analysis

Before its analysis of the factors, the Court must determine as a threshold matter whether the state and federal proceedings are parallel for purposes of the *Colorado River* doctrine—i.e., if the two suits involve the same parties and same issues. It is undisputed that the parties in each proceeding are the same, so the Court's analysis will focus on whether the cases involve the same issues. The Court holds that the proceedings are not parallel as a matter of law because they do not involve the same issues.

Vertex argues that the proceedings are parallel because each case boils down to the same two issues: "which party breached the Agreement first and the enforceability of [the Non-Circumvention Provision] of the Agreement." (Doc. No. 16 at 13). It also contends that the proceedings are interdependent, because if Vertex proves in the state case that Penthol breached the Agreement prior to its alleged termination, that finding would preclude Penthol's breach claims in this case. (*Id.*). In response, Penthol asserts that the state court action involves claims based on pre-termination events whereas the remaining federal action claims arise from a different, later, set of facts. It also argues that the proceedings are not interdependent, and the resolution of the state case would not determine the federal suit because the federal suit includes claims that do not exist in the state court action, including misappropriation of trade secrets.

Vertex makes no attempt to address the fact that this lawsuit involves claims that are neither alleged in the state action nor based on an alleged breach of the Agreement, including claims for

business disparagement and misappropriation of trade secrets. Vertex has not provided the Court with any reason as to why a ruling in the state court action would necessarily resolve these non-contract-based claims. Since this lawsuit's claims differ, resolution of the state court action will not dispose of all the claims in this forum. This difference in the proceedings strongly militates against a finding of parallel proceedings. *See Engenium*, 2012 WL 8432678, at *8 (finding that proceedings are not parallel when there is no substantial likelihood that all the claims presented in federal suit will be disposed of in the state litigation); *see also Apogee Telecom, Inc. v. Univ. Video Services, Inc.*, 2018 WL 6220177, at *2 (W.D. Tex. Mar. 26, 2018) (concluding proceedings are not parallel because "it is unlikely the [state] litigation will completely dispose of all claims in this case.").

Moreover, the facts underlying the claims in this lawsuit differ from those in the state court action. The breach of contract claim in the state case is based upon Vertex's allegations that Penthol breached certain contract terms while the contract was in force. (Doc. No. 16-1 at 12–13). Penthol's counterclaims are likewise based upon Vertex's alleged breach of certain terms and obligations of the Agreement while it was in force. (Doc. No. 16-4 at 32). By contrast, Penthol's allegations in this lawsuit pertain to Vertex's actions after the Agreement was terminated. (Doc. No. 2-1 at 20–21). This temporal difference is relevant because the Court would be analyzing different conduct. *See Apogee*, 2018 WL 6220177, at * 2 ("More importantly, the alleged wrongful conduct is different between the lawsuits."); *see also Koman v. Weingarten/Invs., Inc.*, 2010 WL 3717312, at *6 (S.D. Tex. Sept. 17, 2010) ("While the same legal standard would apply to the determination of either claim, the factual determination would be completely different. Thus, the claims in the state court are not "parallel"—as the term is applied in cases interpreting *Colorado River*.").

More obviously, Penthol's cause of action for misappropriation of trade secrets hinges entirely upon events after the contract was terminated. Vertex was *entitled* to use Penthol's trade secrets before the Agreement was terminated, which is the relevant time frame for the state action. (Doc. No. 2-1 at 18). Penthol's allegations in the federal action that support a claim for misappropriation of trade secrets necessarily concern Vertex's behavior *after* the Agreement was terminated. (*Id.*). It is indisputable that a court would be considering a different set of facts and events to resolve the breach of contract claims in the state action, and the misappropriation of trade secrets claim in the federal action.

Vertex's contention that the proceedings are parallel because Penthol's federal claims might qualify as compulsory counterclaims in the state case is also unavailing. According to Vertex, Penthol's causes of action in the federal lawsuit arise out of the transaction or occurrence that is the subject matter of the Vertex's breach of contract claim in state court, making them compulsory counterclaims. This argument fails to consider that the state court claims arose out of a set of *earlier* facts than the allegations supporting Penthol's claims in the federal action. Penthol's claims arising out of post-termination events were not mature when Vertex filed its state action, so they might not be considered compulsory counterclaims in the state action. *See Welsh v. Fort Bend Independent School District*, 860 F.3d 762, 763, 767 (5th Cir. 2017) (looking to Texas's compulsory-counterclaim rule to determine a second claim was not barred because it had not matured when the earlier action was filed and rejecting "the idea that every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever."). While the proceedings are certainly related and concern the same subject matter, the parties are not "litigating substantially the same issues." *Turner v. Pavlicek*, 2011 WL 4458757, at *4 (S.D. Tex. Sept. 22, 2011) (collecting cases).

Since the threshold prong of the *Colorado River* abstention doctrine has not been met, there is no occasion to determine whether the exceptional circumstances necessary for abstention exist in this case. There is no reason for this Court to stay the case on the basis of abstention.

## IV. Conclusion

For the forgoing, the Court hereby **DENIES** Vertex's Motion to Stay. (Doc. No. 16).

Signed at Houston, Texas, this 12 day of August, 2021.

Andrew S. Hanen
United States District Judge