Case 4:21-cv-00416   Document 255   Filed on 06/25/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENTHOL, LLC | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-416 |
| | § | |
| | § | |
| VERTEX ENERGY OPERATING, LLC | § | |
| | § | |
| *Defendant/Counter-Plaintiff.* | § | |

## ORDER

Upon consideration of the parties' post-judgment motions, the Court issues the following Order.

### I.   Penthol's Motion to Amend

Pursuant to Federal Rules of Civil Procedure 52(b), 59(e), 60(a), and 60(b), Penthol LLC ("Penthol") filed a motion (1) for amended or additional findings of fact and (2) to alter or amend the judgment, for a correction in the judgment, or for relief from the judgment. (Doc. No. 228). Vertex Energy Operating, LLC ("Vertex") responded in opposition (Doc. No. 230), and Penthol replied (Doc. No. 232).

In its motion, Penthol argues that the Court improperly calculated the unpaid commissions owed to Vertex through 2020. In the Court's Findings of Fact and Conclusions of Law ("FFCL") (Doc. No. 218), the Court determined that Vertex is entitled to a "true-up" of the unpaid commissions through 2020. The Court determined that the total amount of unpaid commissions through 2020 was $485,908. In calculating this amount, Penthol argues, and the Court agrees, that the Court inadvertently overlooked a January 2021 payment of $242,586 that Penthol made to

Vertex for 2020 commissions. This payment is supported by the record evidence. *See* (PTX 188) (showing a payment in the amount of $242,586.46 for 2020 commissions).

Vertex does not dispute that this commissions payment was made, nor does it dispute the fact that the payment was actually in evidence. Its damages expert, Sheila Enriquez, applied the payment to her calculation of 2021 unpaid commission, rather than 2020 unpaid commissions. Vertex notes that, at trial, Penthol failed to cross-examine Ms. Enriquez on this point and did not at the time challenge her true-up methodology. Accordingly, Vertex argues that Penthol cannot use a motion under Rule 52(b) or 59(e) to "raise arguments that could, and should, have been raised at trial." *Gray v. Minnesota Life Ins. Co.*, 2021 WL 2637403, at *3 (S.D. Tex. June 25, 2021); *see also Alexander v. Prudential Fin., Inc.*, 2006 WL 2880455, at *1 (S.D. Tex. Oct. 10, 2006) (Hanen, J.) ("A motion to alter or amend the judgment under Rule 59(e) . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

Moreover, Vertex argues that Penthol has not met its burden of showing that the Court made a manifest error of fact because the Court found Vertex was entitled to commission from January 2021, yet the Court did not award a damages figure for January 2021 because Vertex only supplied the Court with one lump sum for the entire 2021 year. Since the Court applied Ms. Enriquez's methodology for commissions calculations, Vertex argues that "given the Court's unchallenged finding that Vertex was entitled to unpaid commissions through January 27, 2021, the only way that Penthol could possibly meet its burden to prove the Court made a manifest error of fact is if it presents its own calculation of the commissions and performance incentive due through January 27, 2021, from which the Court could then subtract the $242,586 payment." (Doc. No. 230 at 8).

Notwithstanding the fact that Penthol failed to cross examine Ms. Enriquez on this aspect and failed to raise this argument before entry of judgment, the Court agrees with Penthol that this commission payment is in evidence and that the payment should have been included in the findings of fact. As a result, the Court hereby GRANTS Penthol's Motion (Doc. No. 228). By this order the Court amends its fact findings, and it will amend its final judgment. The Court reduces the amount of unpaid 2020 commissions owed to Vertex from $485,908 to $243,322 to account for the 2020 Commissions Payment. The total amount of damages owed to Vertex by Penthol is therefore reduced from $1,396,713 to $1,154,127.

## II.    Vertex's Motion for Attorneys' Fees

Vertex also filed a Motion for Attorneys' fees in accordance with Rule 54(d). (Doc. No. 221). In the motion, Vertex recognized that "the Court ruled each party is responsible for their fees. Vertex is filing this motion out of an abundance of caution to comply with the requirements of Rule 54, including the deadline for filing a motion for fees set in Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure." (*Id.* at 1). At a status conference following the motion's filing, the parties and the Court agreed that Penthol need not file a response to this motion given the Court's prior order.

In its motion, Vertex argues that pursuant to Section 7.2 of the SRMA, it is entitled to attorneys' fees under the contract because it is the non-defaulting party. In the Court's prior order, however, the Court examined Section 7.2 of the SRMA, which governs termination rights, and found that "Given that the SRMA was mutually terminated, neither Penthol nor Vertex is deemed the defaulting or non-defaulting party under the SRMA." (Doc. No. 218 at 35). Thus, the Court does not agree that Section 7.2 entitles Vertex to recovery of attorneys' fees.

Moreover, the Court does not find that Vertex recovers attorneys' fees under Texas law either. "State law applies in determining whether attorney's fees should be awarded in state-law cases." *Utica Mut. Ins. Co. v. Hickman,* 2001 WL 586689, at *1 (N.D. Tex. May 22, 2001) (Fitzwater, J.) (citing *Specialty Healthcare Mgmt., Inc. v. St. Mary's Parish Hosp.,* 220 F.3d 650, 658 (5th Cir.2000)). Thus, the Court applies Texas law in determining whether Vertex is entitled to attorneys' fees. Texas Civil Practices and Remedies Code § 38.001(b)(8) states that "a person may recover reasonable attorney's fees . . . if the claim is for an oral or written contract." To recover fees under this statute, a litigant must do two things: (1) prevail on a breach of contract claim, and (2) recover damages. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660 (Tex. 2009).

Here, the Court does not find that Vertex is the prevailing party. Evidence indicated that the parties mutually terminated the SRMA. Both parties behaved as if they wanted out of the contractual relationship and neither party attempted reconciliation in a meaningful way. *See* (Doc. No. 218 at 33). In fact, it was Vertex who terminated the SRMA without contractual authority to do so. Penthol at that point could have sued Vertex for breach of contract, but instead it chose to accept that termination, declaring it a mutual termination. With the many claims, defenses, and theories argued, the Court does not find that Vertex is the prevailing party such that it is entitled to attorneys' fees. As such, the Court hereby DENIES Vertex's motion for attorneys' fees. (Doc. No. 221). Penthol's motion to strike Vertex's motion for attorneys' fees (Doc. No. 225) is denied as moot.

### III. Vertex's Bill of Costs

Finally, the Court will address Vertex's Bill of Costs. (Doc. No. 224). During the May 3, 2024 status conference, the Court ordered Penthol to respond to Vertex's cost request by May 17,

4

2024. Penthol did so and filed a response and objections to the Bill of Costs (Doc. No. 239). Vertex responded to Penthol's objections. (Doc. No. 240).

The above briefings present two main issues: first, whether Vertex is entitled to costs, and second, if Vertex is so entitled, whether the costs it seeks are recoverable. The Court will address whether Vertex is entitled to costs first.

Under Rule 54(d) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Here, the Court's FFCL explicitly determined that Vertex is not entitled to costs, stating that "[n]either party is entitled to attorneys' fees or costs under the SRMA because the termination is mutual, and therefore neither party is the defaulting or non-defaulting party under § 7.2." (Doc. No. 218 at 39) (emphasis added). Indeed, as the Supreme Court has noted, "Rule 54(d)(1) does not require courts to award costs to prevailing defendants." *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 387 n.9 (2013) (emphasis added).

The Court recognizes that there is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 586 (5th Cir.2006). Still, the decision of whether either party is entitled to costs is within the Court's discretion, so long as the court provides reasons for its decision. *Id.*; *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (recognizing the district court's statutory discretion to shift costs). "[T]he general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Wojcik v. Memorial Hermann Health Sys.*, 2019 WL 5929732, *2 (S.D. Tex. Nov. 8, 2019).

When addressing courts' discretion to decline an award of costs, the Fifth Circuit has stated the following:

> The Fifth Circuit has little case law addressing this issue, but in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998). Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.* And, according to Wright and Miller, courts also deny costs if "the losing party prosecuted the action in good faith." *Id.* at 238, 101 S.Ct. 1146. However, every case cited by Wright and Miller for this proposition denies costs on the basis of *both* the losing party's good faith *and* some other one or more of the factors listed above.

*Pacheco*, 448 F.3d at 794; *see e.g., Moody Nat'l Bank of Galveston v. GE Life & Annuity Assur. Co.*, 423 F. Supp. 2d 651, 652 (S.D. Tex. 2003). Thus, this Court may only deny Vertex its costs if it finds Penthol prosecuted the action in good faith and at least one other factor is met.

Penthol argues that the Court's findings in its FFCL satisfy these factors and provide good reasons for denying Vertex costs. Penthol contends that it prosecuted the action in good faith and prevailed on a crucial issue—whether it had "wrongfully terminated" the SRMA. As to Penthol's competition claim, the Court noted that Penthol was correct that "the evidence does establish that Vertex was actively experimenting as to whether it could develop an economically viable Group III base oil" and that "[n]o one from Vertex testified how it planned to market such a product without violating the SRMA." (Doc. No. 218 at 10). Additionally, Penthol maintains that the issues presented were difficult, novel, or complex. For example, Penthol's competition claim required presentation of complicated facts and the use of experts, and the Court's analysis of issues related to that claim was significant and spanned eight pages of its FFCL.

Vertex disagrees. Vertex argues that "[a] party need not prevail on all issues to justify a full award of costs." *Tempest Pub'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F.

6

Supp. 3d 712, 718 (S.D. Tex. 2015). Since it prevailed on its claims for unpaid commissions and performance incentives, Vertex maintains that it is the prevailing party. Furthermore, Vertex argues that the factors listed by Penthol fail to overcome the presumption in favor of costs.

The Court does not find Vertex's arguments persuasive. As noted, the Court already found that neither Penthol nor Vertex is entitled to attorneys' fees or costs. Though the Court did not explicitly outline the Rule 54 factors supporting this ruling, the reasons may be gleaned from the Court's FFCL. First, it finds good faith on the part of Penthol, as is the threshold requirement under Fifth Circuit precedent. Moreover, it finds the complex and difficult nature of the claims justify denying costs. As the Court sees it, there were two central issues discussed at trial: (1) whether Vertex had competed with Penthol, and (2) whether Penthol had wrongfully terminated the SRMA. While the first issue was fact intensive (and ultimately this Court found that it did not), the second was legally somewhat perplexing—the parties' behavior in terminating the contract deviated from the dictates of the SRMA so much so such that the only possible explanation for the chain of events is that the parties had mutually terminated. First, Vertex "jumped the gun" and prematurely issued a letter of termination, which might have given rise to a claim by Penthol except that Penthol accepted the termination and declared the termination to be mutual. Discussions of these two issues comprised most of the five-day bench trial and most of the Court's FFCL. Ultimately, resolution of the termination related issues did not result in damages for either party. In fact, the Court's discussion of unpaid commissions and unpaid performance incentives—the only issue that resulted in damages—only accounts for two pages of the 39-page FFCL. Based upon the finding of good faith, the finding that both parties were partially wrong and partially right in the termination process, and the existence of complicated, novel, and difficult issues of contract law,

the Court in its discretion reiterates its prior ruling that neither side is entitled to costs. *See Pacheco*, 448 F.3d at 794.

## IV. Conclusion

In conclusion, the Court GRANTS Penthol's motion to alter and amend the judgment. (Doc. No. 228). The Court will enter a modified final judgment to reflect the 2020 commission payment. The Court DENIES Vertex's motion for attorneys' fees (Doc. No. 221). Consequently, it DENIES AS MOOT Penthol's motion to strike. (Doc. No. 225). Finally, the Court stands by its prior ruling that neither side is entitled to costs and therefore DENIES Vertex's Bill of Costs. (Doc. No. 224).

Signed at Houston, Texas, this 25 day of June, 2024.

Andrew S. Hanen
United States District Judge